UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
EDDIE ROBINSON,

                                    Plaintiff,

                                                                                  9:05-CV-1428
                                                                                   (GLS)(GJD)

    v.

SUSAN CONNELL, Superintendent, Oneida Correctional
Facility; *et al.*,

                                    Defendants.
--------------------------------------------------------------------------
APPEARANCES:

EDDIE ROBINSON
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **DECISION and ORDER**

The Clerk has sent to the Court a second amended Complaint filed by Eddie Robinson ("Plaintiff" or "Robinson"), who is presently incarcerated at the Oneida Correctional Facility. Docket No. 11. The second amended Complaint was filed in accordance with this Court's Order filed March 24, 2006. Docket No. 9.

The March Order observed:

> With respect to Plaintiff's claims relating to his sentence calculation and the propriety of his ongoing detention, it is well settled that Plaintiff may not bring such an action, pursuant to 42 U.S.C. §1983, unless Plaintiff can also "prove that the ... sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a ... sentence that has *not* been so invalidated is not cognizable under §1983." *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). Plaintiff presently has a Petition pursuant to 28 U.S.C. §2254 pending in this Court. In the event he is successful on that Petition, he may then pursue his claim for damages for wrongful detention. However, such claim can not presently be pursued by Plaintiff based upon the facts presently before this Court.

The March Order permitted Plaintiff one final opportunity to file an amended Complaint, and instructed Plaintiff that he could assert "any ... claims that *do not* relate to the calculation of his sentence or his ongoing detention." Docket No. 9, page 3. (emphasis in original).

A review of the amended Complaint reveals that Plaintiff wholly ignored the admonishment contained in the March Order. Plaintiff has set forth in the second amended Complaint allegations and claims relating solely to his contention that his sentence has been improperly calculated and that he is being illegally detained. Those allegations are the basis for the habeas Petition Robinson has pending before this Court. However, that Petition has not been resolved, and Plaintiff's sentence has not been reversed or declared invalid. Accordingly, the second amended Complaint fails to state a claim upon which relief may be granted by this Court, and it will be dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Plaintiff.

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

IT IS SO ORDERED.

June 6, 2006

*[signature: Gary L. Sharpe]*
Gary L. Sharpe
U.S. District Judge