UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
EDDIE ROBINSON,

                          Plaintiff,

                                                                           9:05-CV-1428
                                                                          (GLS)(GJD)

    v.

SUSAN CONNELL, Superintendent, Oneida Correctional Facility, *et al.*,

                        Defendants.
------------------------------------------------------------------------------
APPEARANCES:

EDDIE ROBINSON
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION and ORDER

**I.**      **Background.**

Presently before the Court is a Motion to Vacate Judgment filed by Plaintiff Eddie Robinson. Dkt. No. 14. Plaintiff filed this action on November 15, 2005. By Order dated January 6, 2006, this Court directed Plaintiff to file an amended Complaint, granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's Motion for Appointment of Counsel, and denied Plaintiff's Motion to Consolidate this §1983 action with his pending habeas petition. Dkt. No. 6. Plaintiff filed his amended Complaint on February 3, 2006. Dkt. No. 8.

    On March 24, 2006 this Court issued an Order that advised Plaintiff:

With respect to Plaintiff's claims relating to his sentence calculation and the propriety of his ongoing detention, it is well settled that Plaintiff may not bring such an action, pursuant to 42 U.S.C. §1983, unless Plaintiff can also "prove that the ... sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of

habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a ... sentence that has *not* been so invalidated is not cognizable under §1983." *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). Plaintiff presently has a Petition pursuant to 28 U.S.C. §2254 pending in this Court. In the event he is successful on that Petition, he may then pursue his claim for damages for wrongful detention. However, such claim can not presently be pursued by Plaintiff based upon the facts presently before this Court.

Dkt. No. 9. Thus, this Court found that:

In light of Plaintiff's *pro se* status, and his good faith effort to comply with the prior Order of this Court, he will be permitted one final opportunity to set forth, in a second Amended Complaint, his factual allegations supporting his claims for deliberate indifference, sexual harassment and abuse, as well as any other claims that ***do not*** relate to the calculation of his sentence or his ongoing detention. *Id.*

Plaintiff filed his second amended Complaint on April 17, 2006. Dkt. No. 11. On June 6, 2006 this Court issued an Order that held:

A review of the amended Complaint reveals that Plaintiff wholly ignored the admonishment contained in the March Order. Plaintiff has set forth in the second amended Complaint allegations and claims relating solely to his contention that his sentence has been improperly calculated and that he is being illegally detained. Those allegations are the basis for the habeas Petition Robinson has pending before this Court. However, that Petition has not been resolved, and Plaintiff's sentence has not been reversed or declared invalid. Accordingly, the second amended Complaint fails to state a claim upon which relief may be granted by this Court, and it will be dismissed.

Dkt. No. 12. Judgment was entered on June 6, 2006 dismissing this action. Dkt. No. 13.

Plaintiff filed his Motion to vacate the Judgment on February 28, 2008. Dkt. No. 14.

**II.    Plaintiff's Motion.**

Plaintiff brings this Motion to Vacate Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). In support of his Motion, Plaintiff alleges that there is newly discovered evidence that his sentence has been improperly calculated, and that he

is being wrongfully detained.[1] Dkt. No. 14. However, Plaintiff does not present this Court with any evidence that establishes that his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

### A.     The Standard.

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60 (c)(1) requires that a Rule 60(b) Motion must be brought in a "reasonable time - and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order ..."

---

[1] Plaintiff also requests that this §1983 action be consolidated with his habeas corpus proceeding. Plaintiff's habeas corpus proceeding was filed on September 18, 2003 pursuant to 28 U.S.C. §2254. *See Robinson v. Connell*, 9:03-CV-1151. That action has been fully briefed, and a Report and Recommendation was issued on September 28, 2007. Dkt. No. 48. No objections were filed to the Report and Recommendation, and the action is presently pending before District Judge Kahn.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987).  Moreover, Rule 60(b) motions are left to the sound discretion of the district judge.  *See* Fed.R.Civ.P. Rule 60(b).

**B.   Discussion.**

This Motion was filed on February 28, 2008, over one year and eight months after the judgment was entered on June 6, 2006.  Plaintiff brings the Motion based upon "newly discovered evidence."  Thus, it is clear that this Motion was not timely filed pursuant to Fed. R. Civ. P 60(c)(1).

Moreover, Plaintiff's newly discovered evidence does not change the fact that Plaintiff can not bring an action for wrongful incarceration, pursuant to 42 U.S.C. §1983, unless Plaintiff can also "prove that the ... sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A claim for damages bearing that relationship to a ... sentence that has *not* been so invalidated is not cognizable under §1983." *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).  Plaintiff has made no showing that his sentence has been invalidated.  Accordingly, Plaintiff's Motion to Vacate must be denied.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Vacate (Dkt. No. 14) is denied, and it is further

ORDERED, that Plaintiff's request that this action be consolidated with *Robinson v. Connell*, 9:03-CV-1151 is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on Plaintiff in accordance with

the Local Rules.

IT IS SO ORDERED.

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

Dated: March 20, 2008

                                              Gary L. Sharpe
                                              U.S. District Judge