**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EDDIE ROBINSON,**

              **Plaintiff,**　　　　　9:05-cv-1428
　　　　　　　　　　　　　　　　　　　　　(GLS/ATB)

           v.

**SUSAN CONNELL,** Superintendent, Oneida Correctional Facility; **DAVID DEBEJIAN; MRS. DIGNEAN; MR. HULIHAN; FRANK MARLENGA;** and **MRS. MUNCY,**

              **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Eddie Robinson
Pro Se
141-10-18697
A.M.K.C.
18-18 Hazen Street
East Elmhurst, NY 11370

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN　　　TIMOTHY P. MULVEY
New York State Attorney General　　Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pro se plaintiff Eddie Robinson, a former inmate at the Oneida and Mohawk Correctional Facilities, brings this action under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights based upon the alleged miscalculation of his sentence. (*See* Am. Compl., Dkt. No. 11.) In May 2010, Robinson and defendants both moved for summary judgment. (Dkt. Nos. 47, 49.) In a Report-Recommendation (R&R) filed September 8, 2010, Magistrate Judge Andrew T. Baxter recommended that defendants' motion be granted, that Robinson's motion be denied, and that Robinson's claims be dismissed.[1] (Dkt. No. 53.) Pending are Robinson's objections to the R&R. (Dkt. No. 64.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

## III.  Discussion

Robinson generally relies on the same factual and legal assertions in his objections as those presented to Judge Baxter.  Essentially, Robinson asserts that he had a conditional release date of August 26, 2003, and a maximum expiration date of August 26, 2004,[2] and that the time spent in prison between August 26, 2003, and the date of his release, December 4, 2006, constituted an unlawful detention.  Upon de novo review of Robinson's unlawful detention and due process claims, the court rejects Robinson's objections as without merit.

---

[2]In his complaint and motion papers, Robinson identified April 12, 2003, as the controlling conditional release date, and April 12, 2004, as the expiration date of his maximum term of imprisonment. (*See* Am. Compl. at 3, Dkt. No. 11; Pl. SMF at 3, Dkt. No. 47; Pl. Reply SMF ¶ 3, Dkt. No. 52.)  However, in his objections, Robinson concedes that Judge Baxter's calculations are correct insofar as the dates are actually August 26, 2003, and August 26, 2004.  (*See* Objections at 3-4, 9, Dkt. No. 64.)

3

The evidence on record demonstrates, inter alia, that on May 9, 2002, Robinson was sentenced to a term of imprisonment of one and one-half to three years, which he began serving on May 29, 2002.  (*See* Mulvey Aff., Defs. Ex. I, Order of Commitment, Dkt. No. 49:10.)  At that time, he still owed five years and fourteen days to his maximum term of imprisonment.[3]  (*See* R&R at 19, Dkt. No. 53.)  Because his 2002 sentence was to run consecutive with the time already owed,[4] and accounting for the nine months and two days of jail time he was credited with, Robinson's maximum term amounted to seven years, three months, and twelve days.  (*See id.*)  Thus, on May 29, 2002, the date he was received by New York State Department of Corrections (DOCS), Robinson's maximum expiration date was September 10, 2009.  (*See* Mulvey Aff., Defs. Ex. A, de Simone Letter at 7, Dkt. No. 49:2.)

---

[3] For a detailed and exhaustive discussion of Robinson's criminal and sentencing history, the court refers the parties to the relevant portions of the R&R.  (*See* R&R at 5-8, 12-22, Dkt. No. 53.)

[4] *See* N.Y. PENAL LAW § 70.25(2-a) ("When an indeterminate or determinate sentence of imprisonment is imposed ... and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run *consecutively* with respect to the undischarged sentence." (emphasis added)).

4

However, on April 4, 2005, Kings County Court Judge Deborah Dowling issued an amended commitment order recommending that Robinson's "sentence run[] concurrently with time owed to parole." (Mulvey Aff., Defs. Ex. L, Am. Order of Commitment, Dkt. No. 49:13.) Judge Dowling issued a subsequent amended commitment order on September 22, 2006, stipulating that Robinson's sentence "run concurrently with all outstanding sentences" and "any other time owed to parole." (Mulvey Aff., Defs. Ex. M, 2d Am. Order of Commitment, Dkt. No. 49:14.) As a result, Robinson's new maximum expiration date became June 13, 2007, based on the prior five-year, fourteen-day term he owed—which operated as the controlling term since it was longer than the 2002 sentence—running from May 29, 2002. (*See* Mulvey Aff., Defs. Ex. A, de Simone Letter at 9, Dkt. No. 49:2.) In addition, his earliest conditional release date became October 8, 2005, based on his eligibility for one year, eight months, and five days of good time. (*See id.*) But, while he was granted this good time, Robinson thereafter committed two disciplinary infractions, which caused his good time to be retroactively suspended. (*See id.*)

In sum, the court has reviewed the underlying record de novo and concurs with Judge Baxter's findings that Robinson's December 4, 2006

5

release occurred prior to the passage of his maximum expiration date, June 13, 2007. To the extent Robinson contends that, by operation of Judge Dowling's amended commitment orders, his 2000 and 2002 sentences ran concurrently with and were therefore "fully absorbed" by his original 1992 sentence and term of incarceration, (Am. Compl. at 3, Dkt. No. 11), the court rejects that argument as both legally and factually meritless. As stated by Judge Baxter, "[a] sentence concurrent to the time owed on a prior sentence does not mean concurrent to the entire sentence." (R&R at 22, Dkt. No. 53.) Accordingly, because Robinson's sentence was correctly calculated and executed, the court dismisses his Eighth Amendment claim.[5]

Robinson's procedural due process claim fares no better. First, insofar as the claim is premised on the alleged miscalculation of his sentence, the court has already found that there was no miscalculation.

---

[5]In addition to failing to establish any actual deprivation, Robinson has failed to demonstrate that DOCS officials were indifferent to his situation. Rather, as highlighted in the R&R, the record shows that DOCS officials recalculated Robinson's sentence in full accordance with each amended commitment order, and that they did so in a timely manner. (*See* R&R at 22-24, Dkt. No. 53.)

6

Second, because such a claim is premised on a random unauthorized act,[6] there can be no Due Process Clause violation "so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm.* (*HANAC*) *v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citation omitted).  In New York State, an Article 78 proceeding provides an avenue of postdeprivation redress that satisfies due process requirements.  *See Gudema v. Nassau County*, 163 F.3d 717, 724 (2d Cir. 1998); *see also Vargas v. City of New York*, 377 F.3d 200, 208 (2d Cir. 2004) ("[A]n Article 78 proceeding ... provides a meaningful remedy where violations of due process by a ... governmental entity are alleged." (citation omitted)); *HANAC*, 101 F.3d at 881 ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." (citation omitted)).  "[I]t matters not whether a plaintiff actually avails himself of the state court post-deprivation process.  So long as that process is available,

---

[6]As Judge Baxter points out, New York State procedure, pursuant to N.Y. PENAL LAW § 70.25(2-a), actually would have required Robinson's sentence to run consecutively—not concurrently as instructed by Judge Dowling—with the outstanding time.  (*See* R&R at 24, Dkt. No. 53.)  Thus, Robinson's claim is based on the defendants' improper application of the commitment orders, incorrect calculation of his term, and failure to remedy the miscalculation.

7

a due process claim must be dismissed." *Longo v. Suffolk County Police Dep't*, 429 F. Supp. 2d 553, 560 (E.D.N.Y. 2006) (citations omitted). In other words, "there is no constitutional violation (and no available § 1983 action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *HANAC*, 101 F.3d at 882 (citations and emphasis omitted). Here, since the record confirms the availability of both an Article 78 proceeding and a habeas proceeding, (*see* R&R at 25-26, Dkt. No. 53), Robinson's due process claim must be dismissed.

As to the remaining issues left somewhat unresolved by Judge Baxter—namely, whether *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001), permits or precludes this court from proceeding to the merits of Robinson's claim, (*see* R&R at 10-11, Dkt. No. 53), and whether the claims against defendants are subject to dismissal based on sovereign immunity, (*see id.* at 24 n.18), or for lack of personal involvement, (*see id.* at 10 n.5)—the court, having found Robinson's claims unsuccessful on the merits, likewise considers resolution of these issues unnecessary.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report-

8

Recommendation (Dkt. No. 53) is **ADOPTED**, defendants' summary judgment motion (Dkt. No. 49) is **GRANTED**, and Robinson's summary judgment motion (Dkt. No. 47) is **DENIED**; and it is further

 **ORDERED** that Robinson's complaint is **DISMISSED** in its entirety; and it is further

 **ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

March 23, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge